UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br>CLIFTON JAMES JACKSON,<br><br>                Defendant. | Case No. 3:18-cr-00105-HDM-WGC<br>Case No. 3:22-cv-00140-HDM<br><br><br>ORDER |

Before the court is the defendant Clifton James Jackson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 125) and supplement (ECF No. 128). The government has responded (ECF No. 129), and the defendant has replied (ECF Nos. 130 & 131).

**I. Factual and Procedural Background**

In a 2012 jury trial before Judge Jones, Jackson was convicted of one count of possession of a firearm by a convicted felon. (*See* Case No. 3:11-cr-00142-HDM). As Jackson qualified as a career criminal under the Armed Career Criminal Act, 18 U.S.C. § 922(g), he was sentenced to 180 months in prison. The judgment was affirmed on appeal.

Three years later, the Supreme Court decided in *Johnson v. United States*, 576 U.S. 591 (2015) that the residual clause of the definition of violent felony contained in the ACCA was unconstitutionally vague. In light of *Johnson*, the government and Jackson filed a joint motion for habeas relief that Jackson should be resentenced without application of the career offender

1

designation, which the court granted. Upon resentencing, Jackson received a prison term of 60 months, which resulted in his immediate release from custody.

Two years later, Jackson was arrested for various firearms related offenses and, in addition to being subject to revocation in Case No. 3:11-cr-00142, was charged with felon in possession of a firearm and felon in possession of ammunition in the instant case. This case, as his 2011 case, was originally assigned to Judge Jones.

The two-count indictment was returned on December 13, 2018. Trial was scheduled to begin on February 11, 2019. At the February 5, 2019, calendar call, however, defense counsel indicated that a large amount of discovery had just been disclosed by the government. Counsel stated that although Jackson was not waiving his speedy trial rights, counsel would not be able to effectively represent Jackson because they would not have enough time to review the discovery before trial or to prepare a motion to suppress they believed might be necessary. The court determined that a continuation of the trial was in the interests of justice, and trial was therefore reset to April 8, 2019.

On February 26, 2019, Judge Jones recused from this case, and the case was reassigned to this court. Trial ultimately commenced on April 10, 2019, resulting in a verdict of guilty on Count One and not guilty on Count Two.

Jackson appealed, arguing among other things that his speedy trial rights had been violated. The Ninth Circuit affirmed, and this § 2255 motion followed.

## II. Standard

Pursuant to 28 U.S.C. § 2255, a federal inmate may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255(a).

## III. Analysis

A. Ground One

In Ground One, Jackson asserts that his right to equal protection was violated by Judge Jones' decision to exclude from the speedy trial calculation the delay caused by the government's late disclosure of evidence. Jackson asserts that for defendants of other races, other courts have found such delays caused by government actors are not excludable. (ECF No. 125 at 4). Jackson asserts the court's ruling was "selective prosecution."

The government argues that Ground One is procedurally defaulted because it was not raised on direct appeal and that, at any rate, selective prosecution is not a theory that applies to judicial rulings.

"If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate" either "cause excusing his procedural default, and actual prejudice resulting from the claim of error," *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993), or that he is actually innocent of the offense, *Bousley v. United States*, 523 U.S. 614, 622 (1998). "[C]ause for a procedural default on appeal

3

ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Actual prejudice "requires the defendant to establish 'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (internal citation omitted).

Jackson could have raised his equal protection and selective prosecution claims on direct appeal but did not do so. The claims are therefore procedurally defaulted. It is unnecessary to resolve whether Jackson can demonstrate cause for the default, because even if he could, he cannot demonstrate prejudice.[1]

Jackson has not offered any evidence that similarly situated defendants were treated differently than he was. None of the cases he cites was decided by Judge Jones, and two were not even decided in this district. Furthermore, Jackson has not made a persuasive argument that the circumstances in any of these cases were so like the circumstances of his case so as to be similarly situated.

Moreover, the court is unaware of any authority, and Jackson provides no such authority, supporting the proposition that selective prosecution is a constitutional violation that can be committed by a court by virtue of its judicial rulings. Accordingly, Jackson cannot show prejudice to excuse the procedural default, and Ground One must therefore be dismissed.

---

[1] Jackson does not argue actual innocence.

4

B. Ground Two

In Ground Two, Jackson asserts that his counsel rendered ineffective assistance by: (1) requesting a continuance over his objection; and (2) failing to move to dismiss the indictment for violation of the Speedy Trial Act. (ECF No. 125 at 5).

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must satisfy two prongs to obtain habeas relief— deficient performance by counsel and prejudice. 466 U.S. at 687. With respect to the performance prong, a petitioner must carry the burden of demonstrating that his counsel's performance was so deficient that it fell below an "objective standard of reasonableness." *Id.* at 688. "'Judicial scrutiny of counsel's performance must be highly deferential,' and 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citation omitted). In assessing prejudice, the court "must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent [counsel's] errors." *Strickland*, 466 U.S. at 696.

Jackson can demonstrate neither deficient performance nor prejudice.

Counsel did not directly request a continuance but did advise the court that they would not be able to effectively represent Jackson at a trial the following week. In doing so, counsel also noted Jackson's objection, thus preserving his speedy trial argument for appeal. The record reflects that the last-minute

5

disclosure of evidence was through no fault of the government, which had been working diligently to obtain records from outside state law enforcement agencies. The Ninth Circuit concluded as much in rejecting Jackson's speedy trial claim on appeal. In addition, counsel saw a need for extra time to investigate and file a motion to suppress, which they in fact ultimately did file. Under these circumstances, counsel's decision to suggest the need for a continuance, while preserving Jackson's objection, was not outside the wide range of reasonable representation. Nor, for the same reason, did counsel's choice cause Jackson prejudice.

For much the same reason, counsel's failure to file a motion to dismiss for speedy trial violation was neither deficient nor prejudicial. It is not reasonably likely a dismissal under these circumstances would have been granted.

Accordingly, Jackson has not established his claim under Ground Two.

C. Ground Three

In Ground Three, Jackson asserts that the court committed a due process violation when Judge Jones recused himself but left in place his prior critical adverse ruling. (ECF No. 128 at 2 (Supp to Mot)). Like Ground One, this claim is procedurally defaulted, and Jackson has not demonstrated prejudice sufficient to excuse the default.

Under *Davis v. Xerox*, 811 F.2d 1293, 1296 (9th Cir. 1987), prior rulings of a judge who has recused from a case due to a conflict of interest must be vacated if the judge was aware of a disqualifying interest at the time of his or her rulings. Here, there is no indication of the basis for Judge Jones' recusal, much

6

less evidence that he was aware of this basis at the time of his ruling. There is furthermore no evidence of bias. Jackson asserts that Judge Jones was biased against him because "Jackson had been successful in appealing [his] unconstitutional one hundred and eight (180) month sentence" in Case No. 3:11-cr-142. But, as noted above, the change to Jackson's sentence was due to a change in the law, and pursuant to a joint motion for habeas relief filed by the government and the defense. There was no appeal or reversal of Judge Jones' rulings. Even if there had been, "[o]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) (quoting *Liteky v. United States*, 510 U.S. 540 (1994)); *see also Withrow v. Larkin*, 421 U.S. 35, 57 (1975) ("[I]t is not contrary to due process to allow judges and administrators who have had their initial decisions reversed on appeal to confront and decide the same questions a second time around."); *Wilkinson v. Sullivan*, 2010 WL 4241568, at *25 (C.D. Cal. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 4237330 (C.D. Cal. Oct. 20, 2010) ("Absent proof of the trial judge's actual bias—which requires something more than the simple fact that the judge's sentencing decision was reversed on appeal—the Court must presume the trial judge's honesty and integrity). Nothing in the record supports Jackson's claim of bias. Accordingly, Jackson has not established prejudice to excuse the default of Ground Three, and Ground Three must be dismissed.

7

D. Ground Four

In Ground Four, Jackson asserts that trial and appellate counsel were ineffective because they failed to investigate the available remedies after a judge disqualifies himself and should have moved to vacate Judge Jones' pretrial rulings and/or Jackson's judgment of conviction. (ECF No. 128 at 3). For the reasons discussed with respect to Ground Three, namely that Jackson has failed to establish any bias on the part of Judge Jones or that Judge Jones' rulings should or would have been vacated upon motion, Jackson has established neither deficient performance nor prejudice. Ground Four is without merit.

**IV. Motion for Evidentiary Hearing**

The court is not required to conduct a hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the motion and files and records of this case conclusively show that Jackson is not entitled to relief, his request for an evidentiary hearing is denied.

**V. Certificate of Appealability**

In order to proceed with an appeal, Jackson must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a defendant must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Allen*, 435 F.3d at 951; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Allen*, 435 F.3d at 951 (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, Jackson has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

The court has considered the issues raised by Jackson with respect to whether they satisfy the standard for issuance of a certificate of appealability and determines that none meet that standard. Accordingly, Jackson will be denied a certificate of appealability.

**VI. Conclusion**

In accordance with the foregoing, IT IS ORDERED that Jackson's motion for relief pursuant to 28 U.S.C. § 2255 (ECF No. 125) is DENIED.

IT IS FURTHER ORDERED that Jackson's request for an evidentiary hearing IS DENIED.

IT IS FURTHER ORDERED that Jackson is DENIED a certificate of appealability.

The Clerk of Court shall enter final judgment accordingly.

IT IS SO ORDERED.

DATED: This 28th day of February, 2023.

_____
UNITED STATES DISTRICT JUDGE

9